IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CURTIS RAY BROOKS, #A1079132, ) | | CIV. NO. 13-00278 DKW/RLP |
| ) | | |
| Petitioner, ) | | FINDINGS AND RECOMMENDATION |
| ) | | TO DENY PETITION FOR WRIT OF |
| vs. ) | | HABEAS CORPUS AND DENY |
| ) | | CERTIFICATE OF APPEALABILITY |
| TODD THOMAS, ) | | |
| ) | | |
| Respondent. ) | | |
| _____ ) | | |

**FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS AND DENY CERTIFICATE OF APPEALABILITY**

Before the court is *pro se* Petitioner Curtis Ray Brooks' petition for writ of habeas corpus under 28 U.S.C. § 2254. Brooks challenges the criminal judgment that was entered in CR. No. 07-2-0394 on December 30, 2008, in the Circuit Court of the First Circuit, State of Hawaii ("circuit court"). Respondent Saguaro Correctional Center Warden Todd Thomas timely filed an Answer to the Petition. ECF No. 10. Although given leave to do so, Brooks has not filed a Reply. For the following reasons, the court FINDS and RECOMMENDS that the Amended Petition be DENIED.

**I.   BACKGROUND**

On or about February 27, 2007, Brooks and co-defendant Sistine Rangamar were charged with the kidnapping, robbery, and murder of Ted Arifuku. *See* Answer, App. J, PageID #1477-99; *Hawaii v. Brooks*, 125 Haw. 462, 264 P.3d 40 (Haw. App. 2011). Rangamar gave a recorded statement to the police shortly after

his arrest, in which he admitted that he assaulted, restrained, and robbed Arifuku, but claimed that he did so pursuant to Brooks' instructions and plan. *Id.*; 264 P.3d at 43. Rangamar committed suicide before trial, however, and Brooks had no opportunity to confront him regarding his statement before or at trial.

Brooks filed a motion in limine seeking to introduce selected, self-incriminating portions of Rangamar's recorded statement as statements against Rangamar's penal interest, pursuant to Hawaii Rules of Evidence Rules 401, 402,[1] 803(24), and 804(b)(3)[2]. *See* Answer, App. H2, ECF No. 10-19, PageID #1406. Brooks sought to introduce only the portions of Rangamar's statement that incriminated Rangamar and arguably exculpated Brooks.[3] That is, Brooks argued "that he should be

---

[1] Rules 401 and 402 define "relevant evidence" and its admissibility under the United States and Hawaii Constitutions, Hawaii's state laws, and statutes.

[2] Rule 803(24) defines "Other exceptions" to the hearsay rules. Rule 804(b)(3) allows the introduction of otherwise excludable hearsay statements against an unavailable declarant's interest when they are:

> (3) [S]o far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement[.]

[3] Brooks sought Rangamar's admissions to: (1) tying up, assaulting, and robbing Arifuku, (2) bringing and leaving behind Brooks's cap and homemade knife, (3) telling Brooks and Naliki Christopher that he was unsure if Arifuku
(continued...)

able to introduce the self-incriminating portions of Rangamar's statement as statements against penal interest while, at the same time, using *Crawford* [*v. Washington*, 541 U.S. 36 (2004)] to prevent the State from introducing other portions of the statement that may incriminate [himself]." *Id.*, PageID #1407.

The State argued that, if Brooks introduced Rangamar's redacted statements, then it should be allowed to introduce limited, contrary portions of Rangamar's statements to explain or clarify the portions proffered by Brooks, under Haw. R. Evid. 106 and its "rule of completeness."[4] The state did not seek Rangamar's entire recorded statement, but only the selected portions necessary to put Rangamar's other statements into context.

After oral argument and careful review of Rangamar's recorded statement, the circuit court found that it was an out-of-court testimonial statement that had not been subject to cross examination by Brooks. *See Id.; Brooks*, 264 P.3d at 45. As

---

[3](...continued)
was unconscious or dead when he left the apartment, and (4) acknowledging that he had not heard Brooks admit to going to Arifuku's apartment and choking Arifuku, but was told this by Christopher. Brooks sought to redact all references to Brooks' alleged involvement in planning the robbery and returning to Arifuku's apartment and choking Arifuku.

[4] Rule 106 was identical to Fed. R. Evid. 106 when Brooks' was tried, and states:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the party at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

3

such, the circuit court held that the State was barred by both the Federal and Hawaii Constitutions from admitting Rangamar's statement. *Id.*, PageID #1411; *see also Crawford*, 541 U.S. at 68 (barring the admission of out-of-court "testimonial" statements except where the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant on the statement); *accord State v. Fields*, 115 Haw. 503, 513, 168 P.3d 955, 965 (2007).

The circuit court concluded, however, that if Brooks introduced only certain portions of Rangamar's statements, this would constitute a voluntary and tactical decision to waive his Sixth Amendment Confrontation Clause rights. ECF No. 10-19, PageID #1411. The circuit court held that, if Brooks waived his confrontation rights by introducing Rangamar's self-inclupatory statements, they would be admissible and the State would be entitled to introduce limited contrary portions of Rangmar's statement that were necessary to avoid misleading the jury under Haw. R. Evid. 106. Absent such a waiver from Brooks, the circuit court found that Rangamar's redacted statements were excludable under Haw. R. Evid. 403, because their "probative value would be substantially outweighed by their prejudicial effect."[5]  ECF No.

---

[5] Rule 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by
(continued...)

10-19, PageID #1419.

Brooks then introduced only Rangamar's self-inculpatory statements, including Rangamar's admissions to assaulting, restraining, and robbing Arifuku, and bringing the cap and homemade knife to Arifuku's apartment.  The State thereafter elicited Rangamar's contrary statements that had been reviewed and approved by the circuit court, in which Rangamar asserted that he had acted pursuant to Brooks' plan and which implicated Brooks in Arifuku's murder.

The jury convicted Brooks of the lesser included offense of manslaughter, kidnapping, and robbery.  The circuit court imposed twenty-year terms of imprisonment on the manslaughter and the merged kidnapping and robbery convictions, to be served consecutively to each other and concurrently with the sentences imposed in another case.  *See* Answer, App. F, ECF No.10-15, PageID #1227-28; *Brooks*, 264 P.3d at 46-47.  The circuit court entered judgment on December 30, 2008.  The Hawaii Intermediate Court of Appeals ("ICA") affirmed the circuit court on direct appeal on October 21, 2011.  ECF No. 10-21, PageID #1477-99; *Brooks*, 264 P.3d 40.  The Hawaii Supreme Court rejected Brooks's petition for *certiorari* on April 9, 2012.  ECF No. 10-22, PageID #1521.

---

[5](...continued)
considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Brooks commenced this action on May 31, 2013. Pet., ECF No. 1. Although the Petition sets forth three grounds for relief, Brooks raises only one issue: Whether the circuit court violated his rights under the Confrontation Clause of the Sixth Amendment when it admitted the limited portions of Rangamar's recorded testimonial statement that Brooks sought to exclude.

## II. LEGAL STANDARD

"Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision 'was contrary to' federal law then clearly established in the holdings of [the Supreme] Court; or that it 'involved an unreasonable application of' such law; or that it 'was based on an unreasonable determination of the facts' in light of the record before the state court." *Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770, 785 (2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)) (internal citations modified); 28 U.S.C. § 2254. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

A state court's decision is "contrary to" clearly established law if it "applies a rule that contradicts the governing law" set forth in United States Supreme Court cases, or

if it "confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme Court] and nevertheless arrives at a result different from . . . precedent." *Williams*, 529 U.S. at 405-06.  Although the source of clearly-established federal law is limited to Supreme Court cases, circuit law may be considered to determine whether a particular application is unreasonable or whether the law is "clearly established."  *See Duhaime v. Ducharme*, 200 F.3d 597, 600 (9th Cir. 2000).

   A state court's decision is an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.  To be considered an "unreasonable application" of clearly established federal law, the state court decision must be more than just incorrect or erroneous.  *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  Its application of federal law must be "objectively unreasonable." *Id.*

   Additionally, a state court's factual determinations "shall be presumed to be correct," and a petitioner can overcome that presumption only by "rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *Bains v. Cambra*, 204 F.3d 964, 972 (9th Cir. 2000).

The petitioner's burden is considerable, because "this standard means that the federal habeas court must 'more than simply disagree' with the state fact-finding." *Washington v. Schriver*, 255 F.3d 45, 55 (2nd Cir. 2001) (quoting *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983)).

### III. DISCUSSION

This court must consider whether the circuit court's decision to allow the State to introduce select portions of Rangamar's statement to counter Brooks' introduction of other portions of Rangamar's statement, and the ICA's affirmance of that decision, was an error clear enough to permit relief under 28 U.S.C. § 2254(d).

**A.   Brooks Waived his Confrontation Clause Rights**

The Sixth Amendment's Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI.  The United States Supreme Court has held that the Confrontation Clause bars the state from introducing out-of-court statements which are "testimonial" in nature, unless the "declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine [the declarant]." *Crawford*, 541 U.S. at 59.

Supreme Court precedent makes clear, however, that Confrontation Clause rights may be waived.  *See*, *e.g.*,

*Melendez-Diaz v. Mass.*, 557 U.S. 305, 314 n.3 (2009) ("The right to confrontation may, of course, be waived"); *Godinez v. Moran*, 509 U.S. 389, 397 n.7 (1993) (noting that a defendant routinely waives his right of confrontation when he pleads guilty).

"What suffices for waiver depends on the nature of the right at issue. . . . For certain fundamental rights, the defendant must personally make an informed waiver.  For other rights, however, waiver may be effected by action of counsel." *New York v. Hill*, 528 U.S. 110, 114 (2000) (citations omitted); *see also Gonzalez*, 553 U.S. at 247-50; *Gonzalez v. United States*, 553 U.S. 242, 247-50 (2008) (holding that, in federal criminal proceedings, while some rights, such as the rights to counsel, plead not guilty, jury trial, and testify on one's own behalf, cannot be waived by the attorney alone, counsel retains full authority to manage the strategic conduct of the trial).  The decision to waive the right to cross-examine and confront a witness is a decision of trial tactics or strategy squarely within trial counsel's discretion and authority.  *See United States v. Gamba*, 541 F.3d 895, 900 (9th Cir. 2008); *Wilson v. Gray*, 345 F.2d 282, 286 (9th Cir. 1965) ("It has been consistently held that the accused may waive his right to cross examination and confrontation and that the waiver of this right may be accomplished by the accused's counsel as a matter of trial tactics or strategy."); *Grayton v. Ercole*,  691 F.3d 165, 174-75

(2d Cir. 2012) (discussing defense counsel's right to waive a defendant's confrontation rights); *United States v. Holmes*, 620 F.3d 836 (8th Cir. 2010) (stating, "[w]e agree . . . that *Crawford* did not change the rule that a defendant can waive his right to confront witnesses by opening the door 'to the admission of evidence otherwise barred by the Confrontation Clause,'" but finding no clear and intentional waiver on the facts presented) (citation omitted).

The Hawaii circuit court clearly and explicitly warned Brooks of the danger of waiving his Confrontation Clause rights by introducing Rangamar's statements. Brooks waived those rights after a full hearing on the issue, on the advice of counsel, and despite those warnings. This court discerns no violation of federal (or state) law in the Hawaii courts' determination on this issue.

**B.   Rangamar's Contrary Statements Were Admissible Under the Rule of Completeness**

The common law "rule of completeness" is partially codified in Federal Rule of Evidence 106, and at the time of Brooks' trial in 2008, it provided: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in

fairness to be considered contemporaneously with it."[6] Rule 106's purpose "'is to prevent a party from misleading the jury by allowing into the record relevant portions of [a writing or recorded statement] which clarify or explain the part already received.'" *United States v. Lopez-Medina*, 596 F.3d 716, 735 (10th Cir. 2010) (quoting *United States v. Moussaui*, 382 F.3d 453, 481 (4th Cir. 2004)(further citations omitted)); *see also Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1089 (10th Cir. 2001) ("The rule of completeness . . . functions as a defensive shield against potentially misleading evidence proffered by an opposing party."); *see also* Fed. R. Civ. P. 106, Advisory Committee Notes.[7]

"The rule of completeness, however, does not necessarily require admission of [an entire statement, writing or recording.] Rather, only those portions which are relevant to an issue in the case and necessary to clarify or explain the portion already received need to be admitted." *Lopez-Medina*, 596 F.3d at 735. "In determining whether a disputed portion of a statement must be admitted [under the rule of completeness], the trial

---

[6] Rule 106 was amended April 26, 2011, effective December 1, 2011.

[7] The Advisory Committee Notes to Rule 106 state in pertinent part:

The rule is based on two considerations. The first is the misleading impression created by taking matters out of context. The second is the inadequacy of repair work when delayed to a point later in the trial. *See* McCormick § 56; California Evidence Code § 356.

court should consider whether (1) it explains the admitted evidence, (2) places the admitted evidence in context, (3) avoids misleading the jury, and (4) insures fair and impartial understanding of the evidence." *Id.* (quotation marks and citations omitted); *see also United States v. Lacy*, No. 2:09-CR-45, 2011 WL 2601786, *1-2 (D. Utah, June 30, 2011) (denying defendant's motion to suppress video and/or audio recordings and request to play the entire recordings, but permitting defendant to introduce portions of the counter portions of the recordings at the same time as the government's designations).

The circuit court carefully considered the portions of Rangamar's statement that Brooks sought to introduce and the contrary portions that the State sought to admit, under Haw. R. Evid. 106 and 403. *See* ECF No. 10-19, PageID #1412-24. The circuit court concluded that, under Rule 106, most of the contrary statements offered by the State were admissible because they provided context to Rangamar's confession, clarified Rangamar's assertions of guilt, insured the evidence presented at Brooks' trial was fair and impartial, and that without their introduction, there was a clear danger of misleading the jury by creating the impression that Rangamar confessed to acting alone.[8] *See id.*, PageID #1412-18. The circuit court further concluded

---

[8] The circuit court excluded the State's proffer of Rangamar's statements concerning Brooks' hat being found at the scene, finding it "does little to clarify, explain, or counter the portion offered by [Brooks]." ECF No. 10-19, PageID #1417.

that the State's proffered statements were admissible under Rule 403, because their probative value outweighed their prejudicial effect.  *See id.*, PageID #1419-22.  The circuit court stated that "it would be unfairly prejudicial to allow [Brooks] to introduce the proffered portions of Rangamar's statement without allowing the State to introduce any portion necessary to correct the misleading impression" Brooks' proffered portions might create if the jury were allowed to consider them out of context.  *Id.* at PageID #1422.

Brooks cannot have it both ways; he could have invoked his Confrontation Clause rights and precluded Rangamar's statements entirely.  Or, he could introduce portions of the statements, as he did, and suffer the consequences resulting from his waiver of those rights.  Both the Hawaii and Federal Rules of Evidence support this finding.  *See* Fed. R. Evid. 106 & 804(b)(3); Haw. R. Evid. 106 & 804(b)(3).

As the circuit court stated, "[n]either the Hawai`i Supreme Court nor the U.S. Supreme Court has directly addressed the argument advanced by [Brooks]."  ECF No. 10-19, PageID #1407.  Therefore, the circuit court's introduction of the limited, additional recorded statements from Rangamar's confession, to counter Brooks' proffered evidence, and the ICA's affirmance of that decision, was neither contrary to nor an objectively unreasonable application of clearly established federal law.  *See*

13

*Richter*, 131 S. Ct. at 785. There is no doubt that "fairminded jurists" could "disagree on the correctness of the state court's decision," and under the Supreme Court's unwavering and consistent direction regarding this possibility, that is all that is required to deny Brooks' claim. *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Williams*, 529 U.S. at 410. This court FINDS that Brooks's Petition is without merit and RECOMMENDS that it be DENIED.

### IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, requires the district court to issue or deny a certificate of appealability ("COA"), when it enters a final order that is adverse to a petitioner challenging a state court conviction or sentence. *See also*, 28 U.S.C. § 2253(c)(1). The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a constitutional claim is rejected on its merits, "The petitioner must demonstrate that reasonable jurists would find the . . . court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If these findings and recommendations are adopted by the district court, that decision will be on its merits. This court finds that reasonable jurists would not find the denial of Brooks' claims was debatable or wrong, and RECOMMENDS that a

certificate of appealability be DENIED.

## V. CONCLUSION

This court FINDS that Brooks's Petition is without merit and RECOMMENDS that it be DENIED. Reasonable jurists would not find the denial of Brooks' claims was debatable or wrong, and this court RECOMMENDS that a certificate of appealability be DENIED.

## VI. NOTICE

The parties are advised that any objection to this Finding and Recommendation is due seventeen calendar days after being served with a copy of this Findings and Recommendation. See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule 74.2. If an objection is filed, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation." A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.

DATED: November 14, 2013, Honolulu, Hawaii.



Richard L. Puglisi
United States Magistrate Judge

*Brooks v. Thomas*, Civ. 13cv00278 DKW/RLP; J: Pro Se Attys/Habeas/DMP/2013/Brooks 13-278 rlp #2 (merits, conf. cl.)